OXWELD ACETYLENE COMPANY, RESPONDENT, v. PETER RIZZOTTI, APPELLANT.

Submitted March 21, 1918—Decided June 7, 1918.

Where the defendant's signature (by his mark) to a contract of purchase of a gas generator is procured by fraud and imposition of the plaintiff's agent, practiced upon him with intent to deceive him as to the purport of the paper which he signed, and without which he would not have signed, the defendant has a right to set up such fraud and imposition as a defence to an action brought against him by the plaintiff for a breach of the covenant to pay contained therein. And upon the question of such fraud and imposition it is relevant and competent for the defendant to show (1) that he could not read nor write; (2) that the paper was not read nor its contents made known to him; (3) that at the time of signing the paper he refused to purchase the generator and that the plaintiff's agent induced him to sign by telling him it was a shipping direction for a trial use of the generator.

On appeal from the Camden City District Court.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Dean S. Renwick* and *John W. Wescott.*

For the respondent, *Charles Stewart Straw* and *Lewis Starr.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff below sued to recover the price of a gas generator claimed to have been sold and delivered to the defendant pursuant to a contract in writing.

The trial judge, sitting without a jury, rendered judgment for the plaintiff.

The defendant took this appeal and now contends that the trial judge erroneously overruled his defence and excluded evidence offered in support thereof.   It is so.

The defence offered and overruled was that the defendant's signature (by his mark) to the contract was procured by fraud and imposition of the plaintiff's agent, practiced upon him with intent to deceive him as to the purport of the paper which he signed, and without which he would not have signed, and he had a right to set up such fraud and imposition as a defence to this action brought against him by the plaintiff for a breach of the covenant to pay contained therein.   *Dunston Lithograph Co.* v. *Borgo,* 84 *N. J. L.* 623.

As relevant upon the question of such fraud and imposition the defendant put questions to witnesses designed to show (1) that the plaintiff could not read nor write; (2) that the paper was not read nor its contents made known to him; (3) that he refused to make an agreement to purchase a generator and that the plaintiff's agent induced him to sign the paper by telling him that it was merely a shipping direction for a trial use of a generator.

These questions the trial judge overruled and that was erroneous.

Since there must be a new trial we point out that an examination of the terms of the alleged contract seems to indicate that the suit was prematurely brought.   We do not deal with that point because it was not made in the court below.

The judgment will be reversed and a new trial awarded.